FILED
2013 Jul-19 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROSIE CLEMMONS and RENEE SMITH,**<br><br>    Plaintiffs,<br><br>v.<br><br>**TWIN CITY FIRE INSURANCE COMPANY, et al.,**<br><br>    Defendants. | Case No.:<br><br>(Removed from the Circuit Court of Greene County, Alabama, Case No. CV-2013-900027) |

## NOTICE OF REMOVAL

COMES NOW Defendant Twin City Fire Insurance Company ("Twin City"), and pursuant to 28 U.S.C. §1446, gives notice of the removal of the above-captioned lawsuit from the Circuit Court of Greene County, Alabama to the United States District Court for the Northern District of Alabama, Western Division.  As grounds for removal of this case, Twin City states that removal is proper under 28 U.S.C. §§1332, 1441 and 1446, and shows as follows:

### Procedural Background

1.   This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. Plaintiffs Rosie Clemmons ("Clemmons") and Renee Smith ("Smith") (collectively "Plaintiffs") originally filed this lawsuit on June 18, 2013, in the Circuit Court of Greene County, Alabama, CV-2013-900027.

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Western Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

4. Plaintiff served Twin City with a copy of the Summons and Complaint on June 20, 2013. Plaintiff served Bryan Watts ("Watts") with a copy of the Summons and Complaint on June 20, 2013. As this Notice of Removal is filed within 30 days of service, it is timely filed under 28 U.S.C. § 1446(b).

5. Copies of all of the process and pleadings served, properly or otherwise, in this case are attached hereto as *Exhibit A* as required by 28 U.S.C. § 1446(a).

### Citizenship of the Parties

6. According to the Complaint, Plaintiff Clemmons resides in both Greene County, Alabama and Michigan. *Exhibit B,* Complaint at ¶1. On information and belief, Clemmons is a resident citizen of Michigan.

7. According to the Complaint, Plaintiff Smith is a resident citizen of Alabama. *Exhibit B* at ¶2.

8. Defendant Twin City is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Indiana with its principal place of business located in the State of Connecticut. *Exhibit C, Affidavit of Janelle Werk* at ¶¶2-3.

9. Defendant Watts is alleged to be a resident citizen of Alabama. *Exhibit B* at ¶5. As Watts was fraudulently joined, his citizenship should be disregarded for purposes of determining whether a case is removable based upon diversity of citizenship. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).[1]

## Causes of Action

10. According to the Complaint, Clemmons owns a home located at 28619 County Road 20, Boligee, Alabama (the "Property"), which was damaged by fire on September 20, 2012. *See Exhibit B* at ¶¶12, 15, 20. Smith, who is Clemmons' sister, alleges that she had personal belongings at the Property that were damaged as a result of the fire. *Id.* at ¶16.

11. At the time of the fire, the Property was insured as a Residence Premises under a policy of insurance issued by Twin City (the "Policy"). *Id.* at ¶¶ 10-11; *Exhibit D*, Policy 48 RB 252304. Clemmons subsequently filed an insurance claim with Twin City for losses arising from fire damage to the Property.

---

[1] Furthermore, as the unanimity rule applies only to defendants properly served or joined in the action, Watts need not join or consent to removal. *See e.g., Maxwell v. E-Z-Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012).

*Exhibit B* at ¶13.  Twin City conducted an investigation of the fire damage to the Property and engaged Watts to adjust the claim.  *Exhibit B* at ¶¶13, 22, 24.  Following the investigation, Twin City ultimately denied Clemmons' claim.  *Id.* at ¶¶25-26.

12.  The Complaint alleges that Twin City breached the insurance contract with Clemmons and in bad faith refused to pay or investigate her claim.  *Id.* at ¶¶28-41.  Clemmons also alleges that Twin City negligently procured insurance on the Property by issuing a policy covering the Property as a "Residence Premises" with knowledge that Clemmons did not reside at the Property on a full-time basis.  *Id.* at ¶¶42-49.  Clemmons further alleges that Twin City converted her premium payments.  *Id.* at ¶¶50-53.  Plaintiffs collectively claim that Watts and Twin City conspired to produce evidence that would support a denial of the insurance claim.  *Id.* at ¶¶25, 54-60.  Finally, Plaintiffs claim that Watts' actions in adjusting the claim constituted a tortious interference with the contractual relationship between Clemmons and Twin City.  *Id.* at ¶¶61-66.  Plaintiffs seek compensatory and punitive damages for these claims.  *See id.*

## Basis for Removal

A.   **There is Complete Diversity of Citizenship**.

13.   To establish diversity jurisdiction, the parties must be completely diverse. 28 U.S.C. § 1332; *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S.

523, 531 (1967).  The proper parties to this case are completely diverse. The Complaint alleges that Plaintiffs are resident citizens of the states of Alabama and Michigan.  *Exhibit B* at ¶¶ 1-2.  Defendant Twin City is a foreign corporation.  A corporation is deemed a citizen of the place(s) where it is incorporated and where it has its principal place of business.[2]  Twin City is a company incorporated under the laws of the State of Indiana with its principal place of business in Connecticut.

14. Watts, the only nondiverse defendant, was fraudulently joined as a defendant to defeat complete diversity. A defendant's right of removal cannot be defeated by the fraudulent joinder of a resident defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The Eleventh Circuit has recognized three situations that give rise to a finding of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. [A] third situation [is] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

---

[2] "Principal place of business" as used in 28 U.S.C. § 1332 is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice, it should normally be the place where the corporation maintains its headquarters, *i.e.* the "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted).  The first scenario is applicable here as there is no possibility that Plaintiffs can prove a cause of action against Watts.

15.  Plaintiffs assert against Watts claims for conspiracy and tortious interference with a contractual relationship.  *Exhibit B* at ¶¶54-66. There is no possibility that Plaintiffs can prove either of these two claims.

16.  Civil conspiracy is an agreement between two or more people to do something unlawful or something lawful by unlawful means. *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010).  As such, "conspiracy must have a valid underlying cause of action." *Id.*  Although Plaintiffs' conspiracy claim does not plainly identify an underlying tort, Plaintiffs allege that the "Defendants worked and conspired *to facilitate a wrongful denial of coverage*."  *Exhibit B* at ¶58 (emphasis added).  Thus, the tort underlying Plaintiffs' conspiracy claim could only be the alleged bad faith denial of the insurance claim. *Id.*

17.  The tort of bad faith cannot support Plaintiffs' conspiracy claim against Watts.  Under Alabama law, a bad faith claim can only be asserted against an *insurer*. *See e.g., Stewart v. State Farm Ins. Co.,* 454 So. 2d 513, 514 (Ala. 1984) (under Alabama law, "the tort of bad faith refusal to pay is that refusal to pay valid claims made by the insured of his insurance carrier"); *St. John's Deliverance Temple v. Frontier Adjusters*, 2012 WL 629056 (S. D. Ala. Feb. 27,

2012) at *10 (holding that there is no cause of action in Alabama for negligent and/or wanton appraisal under a contract of insurance since the insured may sue its insurer for breach of contract and the tort of bad faith).  Watts is not Plaintiff's insurer; Watts is an employee of Crawford & Company, the independent adjuster retained by Twin City.  *Exhibit C* at ¶6.  Accordingly, a bad faith claim is clearly not proper against Watts.[3]  Because Alabama law precludes a claim for bad faith against Watts, Plaintiffs' conspiracy claim fails for lack of an underlying tort.  *See, e.g., Goolesby v. Koch Farms, LLC*, 955 So.2d 422, 430 (Ala. 2006) ("A civil conspiracy cannot exist in the absence of an underlying tort."); *Callens v. Jefferson County Nursing Home*, 769 So.2d 273, 280 (Ala. 2000) ("A plaintiff alleging a conspiracy must have a valid underlying cause of action.").

18. Plaintiffs also cannot prove their tortious interference claim against Watts.  Plaintiffs vaguely allege that Watts tortiously interfered through his "participation in the investigation designed to create a pre-textual denial of insurance benefits."  *Exhibit B* at ¶63.  This is nothing more than an attempt to assert a bad faith claim against a non-party to the insurance contract.  To the extent this can even be considered a tortious interference claim, Plaintiffs' allegation is

---

[3] Furthermore, Alabama law is clear that Watts owes Plaintiffs no duty.  *See Pyun v. Paul Revere Life Ins. Co.*, 768 F.Supp.2d 1157, 1178–1179 (N.D. Ala. 2011) ("In deciding whether an independent adjustor or investigator with whom an insurance company contracts for the investigation and adjustment of claim[s] owes a duty to the insured, the Alabama Court of Civil Appeals is in agreement with the majority of courts from other jurisdictions in holding that such an adjustor or investigator owes a duty only to the insurance company that hired it.")(citations omitted); *see also Akpan v. Farmers Ins. Exchange, Inc.*, 961 So. 2d 865, 874 (Ala. Civ. App. 2007) ("[W]e agree with those courts that have refused to find that an independent adjustor or investigator that was hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured.").

tantamount to an allegation that Twin City interfered with its own contractual relationship with Clemmons as Watts, an independent adjuster retained by Twin City, acted on behalf of Twin City. *See Akpan v. Farmers Ins. Exchange, Inc*., 961 So. 2d 865, 873 (Ala. Civ. 2007)("The law of agency requires a duty of absolute loyalty of the adjuster to its employer, the insurer....")(internal citations omitted). Because a party to a contract cannot be liable for tortious interference with that contract, *Colonial Bank v. Patterson*, 788 So. 2d 134, 137 (Ala. 2000), there is no possibility that Plaintiffs could prove this claim against Watts. *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1154 (Ala. 2003)("One is not a stranger to the contract just because one is not a party to the contract, as it has been held that the alleged interferer is not a stranger to the contract and thus not liable for tortious interference where the alleged interferer was the agent for one of the parties to the contract of insurance (i.e., the underwriter), and all the purported acts of interference were done within the scope of the interferer's duties as agent."). Instead, under Alabama law, Plaintiffs' sole remedy is a breach of contract and bad faith claim against the insurer, not this unprovable claim asserted solely in an attempt to prevent removal. [4]  *See St.*

---

[4] Indeed, courts have held that regardless of the theory alleged against an independent adjuster, it would not serve to preclude removal under similar facts. *See e.g., Dear v. Scottsdale Ins. Co*., 947 S.W.2d 908 (1997)(Independent adjusting firm which acted as insurer's agent or contractor in adjusting claim and which had no contractual relationship with insured owed no duty to insured with respect to conduct of its investigation of claim and its recommendation to liability insurer, and it could not be held liable for improper investigation and settlement advice, regardless of whether insured sought to hold firm liable in negligence, bad faith, breach of contract, tortious interference, or under Deceptive Trade Practices Act).

*John's*, 2012 WL 629056 at *10. ("This refusal to recognize causes of action for the negligent and wanton handling/adjusting of insurance claims has evolved principally because of the recognition that the insured is not left without a remedy inasmuch as the insurer can still be sued for breach of contract and, as well, for the tort of bad faith.").

19.   As there is no possibility that Plaintiffs can prove their claims for conspiracy and tortious interference against Watts, Watts has been fraudulently joined and complete diversity of citizenship has been established.

B.   **The amount in controversy exceeds $75,000.00**

20.   The Complaint does not contain a specific allegation as to the amount of Plaintiffs' claimed damages. *See, generally, Exhibit B*.  Where, as here, a plaintiff seeks unspecified damages, a removing defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Id*. at 755.  (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).  Defendants may introduce their own affidavits, declarations, or other documentation of the amount

in controversy to satisfy the preponderance of the evidence standard. *Pretka,* 608 So. 2d at 755.

21. Prior to filing this action, Clemmons submitted a signed statement of loss of the personal property alleged to be in the Residence Premises at the time of the fire. The total amount of the contents listed on this proof of loss is $63,166.83. *See Exhibit 1 of Exhibit C, Affidavit of Janelle Werk*.

22. During the claim investigation, Twin City sought to determine the cost to repair the Property as a result of the fire. Watts, an employee of independent adjuster Crawford & Company, inspected the Property and calculated, on a room-by-room basis, the materials and labor needed to repair the Property. Based upon this repair estimate, the replacement cost value (RCV) is $54,783.41. *Exhibit 2 of Exhibit C at p. 22*. With depreciation of $20,316.45, the actual cash value (ACV) of the repairs was calculated to be $34,466.96. *Id.*

23. These documents, a proof of loss prepared and signed by Clemmons and sent to Twin City in support of her claim and a repair estimate prepared by an adjuster, unambiguously establish that Plaintiffs seek more than $75,000 in compensatory damages alone. *See Lowery*, 483 F. 3d at 1212, n. 62; *see also Brewton Iron Works, Inc. v. Cont'l Cas. Co.*, 2010 WL 4269181 (S.D. Ala. Oct. 26, 2010) (denying motion to remand and determining that repair estimates constitute "other paper" because "defendants may submit a wide range of evidence

in order to satisfy the jurisdictional requirements of removal" and "'[d]efendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper.'") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-754 (11th Cir. 2010)); *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 WL 4117038 (S.D. Ala. Sept. 23, 2010) (denying motion to remand based on repair estimates as evidence establishing requisite amount in controversy).

24.   Furthermore, Plaintiffs' complaint demands punitive damages. This Court may employ "its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Roe*, 613 F.3d at 1063. While Twin City maintains that Plaintiffs are not entitled to any damages in this action, the amount in controversy is further satisfied based on courts in Alabama allowing compensatory, exemplary and/or punitive damage awards in cases alleging bad faith. *See, e.g., Smith v. The Equitable*, 148 F. Supp. 2d 1247 (N.D. Ala. 2001) (holding that the failure to remove a bad faith case with an unspecified demand for mental anguish and punitive damages on diversity grounds was a procedural defect that rendered a later removal on other grounds defective because the claim for mental anguish damages and punitive damages for bad faith clearly resulted in an amount in controversy in excess of $75,000.00).

## Conclusion

25.     Because there is complete diversity of citizenship between the proper parties, and Twin City has shown by a preponderance of the evidence that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, this Court may, pursuant to 28 U.S.C. § 1332, exercise its diversity jurisdiction over this case.

26.     Notice of this Removal is being filed with the Clerk of the Circuit Court of Greene County, Alabama as provided by law.  A copy of Twin City's Notice of Filing Notice of Removal is attached hereto as *Exhibit E.*

27.     If any question arises as to the propriety of the removal of this action, Twin City respectfully requests the opportunity to present a brief and oral argument in support of its position.

28.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Twin City's right to assert any defense or affirmative matter including any procedural or substantive defense available.

WHEREFORE, premises considered, Twin City Insurance Company prays that this Court will consider this Notice of Removal as provided by law governing removal of cases to this Court; make the proper orders to achieve the removal of this cause from the Circuit Court of Greene County, Alabama to this Court; and make such other orders as may be appropriate to effect the preparation and filing of

a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Respectfully submitted this 18th day of July, 2013.

*/s/ Sharon D. Stuart*
Sharon D. Stuart
Oscar M. Price, IV
Lynn S. Darty
Attorneys for Defendant
Twin City Fire Insurance Company

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
(205) 795-6588
Fax (205) 328-7234

## CERTIFICATE OF SERVICE

  I hereby certify that I have this date, using the CM/ECF filing system which will send notification of such filing, served a copy of the foregoing pleading upon all counsel of record, and by U.S. Mail, on this the 18th day of July, 2013:

W. Ivey Gilmore, Jr.
Gilmore, Poole & Rowley, LLC
1905 7th Street
Tuscaloosa, AL 35401

Walter A. Griess
Attorney at Law
P.O. Box 538
Eutaw, AL 35462

Kevin Scott Stapp
Manley Traeger Perry & Stapp
P.O. Box 590
Demopolis, AL 36732

Bryan Watts
4912 Maryland Avenue
Irondale, AL 35210

               */s/ Sharon D. Stuart*
               OF COUNSEL